**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JASON WAYNE HALBROOK,
ADC #120828                                                                                    PETITIONER

v.                                               5:16CV00099-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

On November 3, 2014, Petitioner Jason Halbrook pleaded guilty to two counts of aggravated assault upon a certified law enforcement officer, one count of criminal mischief, and one count of second degree battery. (Doc. No. 12 at 9-11.)  He was sentenced to concurrent eighty-four months' imprisonment with an additional thirty-six months suspended imposition of sentence. (*Id.*)  The conviction arose from a night when an intoxicated Mr. Halbrook began destroying his rental property with a metal bat and his landlord calling the police. (Doc. No. 2 at 4.)  After Mr. Halbrook was placed in the officer's patrol car, he spit blood on the officer from the back seat through the cage and struck the officer in the right side of his face and back of his head. (*Id.*)  Mr. Halbrook was still combative when he arrived at the jail so he was placed in restraints.  While the jailer was securing him, he "head butted a jailer on the top of the head causing a knot . . ." (*Id.*)

Mr. Halbrook did not appeal his conviction, nor did he file any post-conviction relief in the state court.  He filed the current Petition[1] on April 1, 2016, alleging that his conviction was invalid

---

[1]Mr. Halbrook filed his Petition on a 42 U.S.C. § 1983 Complaint Form. (Doc. No. 2.)  After inquiry by the Court (Doc. No. 3), Mr. Halbrook clarified that he intended his case to be considered a habeas corpus petition. (Doc. No. 4.)

because he was charged with two counts of the same offense.  (*Id.*)  According to Mr. Halbrook, "This is Double Jeopardy." (*Id.* at 7.)  Wendy Kelley responded that the Petition is time-barred.  For the following reasons, I agree.

## II.    ANALYSIS

Respondent argues that Mr. Halbrook's Petition is untimely based upon the one-year period of limitation imposed by Antiterrorism and Effective Death Penalty Act (AEDPA).  (Doc. No. 12). Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Mr. Halbrook pleaded guilty, and, therefore, did not appeal his

conviction.[2]  The judgment became final on November 3, 2014.  (Doc. No. 12 at 9.)  Thirty days later, on December 3, 2014, the AEDPA statute of limitations began to run making the last day Mr. Halbrook could file a timely federal habeas petition, December 3, 2015.  *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015).  Mr. Halbrook filed the current Petition on April 1, 2016, four months after the AEDPA statute of limitations had run.  Mr. Halbrook does not make an argument for equitable tolling.  Therefore, I find the Petition is time-barred and must be dismissed.

Furthermore, the Petition is completely meritless.  Mr. Halbrook argues he should be protected by the Double Jeopardy Clause.  He believes this because he was charged with - and pleaded to - the same statute twice.  Mr. Halbrook presumably is asking for the protection against cumulative punishments.  The Supreme Court has said, "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [petitioner] for such multiple offenses in a single prosecution."  *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).  The State of Arkansas prosecuted Mr. Halbrook in a single prosecution for multiple offenses he committed.  This does not amount to double jeopardy.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Halbrook's claims do not rise to a substantial showing of the denial of a constitutional right.

---

[2]In Arkansas there is no right to appeal an unconditional guilty plea.  Ark. R. App. P.--Crim.1(a).

Therefore, a certificate of appealability should not be entered.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The  Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the

requested relief be DENIED.

2.      A certificate of appealability should not be issued.

DATED this 19th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE